IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Bearden, #23704-076, ) | C/A No.: 1:12-3093-TMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Kenny Atkins, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a federal sentence imposed by the United States District Court for the Western District of Tennessee. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Petitioner is a federal inmate at the Federal Correctional Institution in Edgefield, South Carolina. For the reasons set forth below, it is recommended that Petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255 and that this matter be transferred to the United States District Court for the Western District of Tennessee (the "Tennessee Court").

I.     Factual and Procedural Background

Petitioner alleges that his attorney failed to file an appeal on his behalf and that he was, therefore, denied his right to an appeal in violation of the Fifth Amendment. [Entry

#1 at 3.]  A review of Petitioner's criminal case in the Tennessee Court[1] affirms his representation that he is serving an aggregate term of incarceration of 106 months on five counts.  *United States v. Bearden*, Case No. 2:10-cr-20246-JPM-1 (W.D. Tenn.) ("*Bearden I*").  The Tennessee Court sentenced Petitioner on September 30, 2011, and its docket reveals no direct appeal.  However, on January 11, 2012, Petitioner filed a "Motion for Leave to Proceed In Forma Pauperis" in an attempt to obtain a copy of the record in his case.  *Bearden I* at Entry #68.  In his motion, Petitioner stated that "there is a statute of limitations which [Petitioner] has to comply with in seeking post conviction relief."  *Id.* at 2.  On February 27, 2012, Petitioner refiled the motion.  *Bearden I* at Entry #69.

On May 8, 2012, Petitioner filed with the Tennessee Court a copy of a letter he had written to his criminal defense attorney.  *Bearden I* at Entry #70.  The letter states that Petitioner had, "on several occasions requested that [the attorney] forward to [Petitioner] all documents and other materials comprising [Petitioner's] case file."  *Id.* at 3.

On July 9, 2012, Petitioner filed with the Tennessee Court a "Motion to Compel Providing of Case File and to Appoint Counsel for Appeal."  *Bearden I* at Entry #71.  Petitioner's motion states that the transcript of Petitioner's hearing reveals that he asked his attorney to file an appeal, which the attorney failed to do.  The motion also seeks leave of court to file an untimely appeal.  Attached to the motion is a copy of a letter from

---

[1] It is appropriate for this court to take judicial notice of Petitioner's prior cases.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'") (citation omitted).

Petitioner's attorney agreeing to provide Petitioner's file, but "[o]ver sixty (60) days have passed since Counsel agreed to provide the information promised to be forwarded to Movant." *Id.* at 2.  These four filings by Petitioner are the sole docket entries following the September 30, 2011 entry of judgment.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially-meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Discussion

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. As Petitioner has not yet filed a motion to vacate under § 2255, he cannot demonstrate that its relief would be "inadequate or ineffective." Courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause" which would allow a § 2241 petition to be filed at a later date. *See Hernandez v. Drew*, 371 Fed. App'x 991, 993 (11th Cir. April 7, 2010) (noting that a

4

prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition); *see also Ross v. Mitchell*, C/A No. 6:10-1891, 2010 WL 3522359, at *2 (D.S.C. Aug. 11, 2010), *adopted by* 2010 WL 3522357 (D.S.C. Sept. 3, 2010).

The undersigned finds it in the interest of justice to recharacterize this § 2241 habeas petition as a § 2255 habeas petition. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal . . . ."). Because the AEDPA one-year statute of limitations may be an issue, it is appropriate to recharacterize the petition[3] rather than dismiss it without prejudice because of the running of the one-year time clock. Further, any conversion to a § 2255 motion will require the court to transfer the motion to "the court which imposed the sentence . . . ." *See* 28 U.S.C. § 2255(a); *id.* § 1631 (providing that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .").

If the district judge accepts the undersigned's recommendation and recharacterizes this action as a § 2255 petition, Petitioner is informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[4] Accordingly,

---

[3] This court does not express any opinion on whether a § 2255 petition would have been time-barred.

[4]   A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
    (1) newly discovered evidence that, if proven and viewed in light of the

it is recommended that if the district judge recharacterizes the petition as a § 2255 motion, the court should provide the proper notice and opportunity to respond as required by *Castro v. United States*. 540 U.S. at 383 (requiring district courts to provide notice when it recharacterizes a *pro se* litigant's motion as a first § 2255 motion); *see also Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011); *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

IV.     Recommendation

It is recommended that, after providing Petitioner with the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003), the district court recharacterize this § 2241 petition as a § 2255 motion to be transferred to the Western District of Tennessee for all further proceedings.

IT IS SO RECOMMENDED.

November 30, 2012                                   Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

    evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

        (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).