IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Anthony Bearden, ) | |
| ) | C/A No. 1:12-3093-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kenny Atkins, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241 challenging a federal sentence imposed by the United States District Court for the Western District of Tennessee. This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.[1]

Magistrate Judge Hodges recommended that Petitioner's habeas corpus petition be construed as a motion for relief under 28 U.S.C. § 2255 and that this matter be transferred to the United States District Court for the Western District of Tennessee. Petitioner was advised of his right to file objections to the Report and Recommendation. (Dkt. No. 6 at 7). However, Petitioner filed no objections to the Report and Recommendation.

Although Petitioner filed the current action under 28 U.S.C. § 2241, he is

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

attacking the legality, rather than the execution, of his sentence. Petitioner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc). As Petitioner has not demonstrated that § 2255 is an "inadequate or ineffective" remedy, he may not proceed on his claim under § 2241. *See* 28 U.S.C. § 2255(h)(1); *United States v. Poole*, 531 F.3d 263, 267 & n. 7 (4th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor.").

Further, because Petitioner has not filed a § 2255 petition, the court may convert the instant petition into a § 2255 petition. *See Castro v. United States*, 540 U.S. 375, 377 (2003). However, a court cannot recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id*.

The court has determined that the instant petition should be converted to a motion under § 2255. Accordingly, Petitioner has until January 25, 2012, to express his consent to the conversion or to withdraw or amend his petition. *See Castro,* 540 U.S. at 383. The court also informs Petitioner that second or successive motions under § 2255 generally are prohibited, and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. *See* 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate rarely is granted. Furthermore, any conversion to a § 2255 motion will require the court to transfer the motion to "the court which imposed the sentence. . . ." *See* 28 U.S.C. § 2255(a).

The court further informs the Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 provides that § 2255 motions have a one-year limitation period, but expresses no opinion as to whether the sentencing court would conclude that a § 2255 motion should be dismissed as time-barred in this instance. 28 U.S.C. § 2255(f).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. It is therefore **ORDERED** that the Petitioner's § 2241 Petition is recharacterized as a § 2255 motion. Petitioner is to file a response to this Order by January 25, 2013, indicating whether he consents to having this petition converted to a § 2255 motion and transferred to the sentencing court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 3, 2013

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.