IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Anthony Bearden,                              )
                                             )    C/A No. 1:12-3093-TMC
                        Petitioner,          )
                                             )
        v.                                   )        **ORDER**
                                             )
                                             )
Kenny Atkins, Warden,                        )
                                             )
                        Respondent.          )

Petitioner, a federal prisoner proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241 challenging a federal sentence imposed by the United States District Court for the Western District of Tennessee.

In a prior order, (Dkt. # 9), the court determined that the instant petition should be converted to a motion under § 2255 and, accordingly, gave Petitioner an opportunity to express his consent to the conversion or to withdraw or amend his petition. *See Castro v. United States,* 540 U.S. 375, 383 (2003). The court also informed Petitioner that second or successive motions under § 2255 generally are prohibited, and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. *See* 28 U.S.C. § 2255(h).  Petitioner was ordered to file a response to the court's Order by  January 25, 2013, indicating whether he consents to having this petition converted to a § 2255 motion and transferred to the sentencing court.  (Dkt. # 9).

Petitioner filed a response on January 25, 2012, questioning whether the sole issue which he raises in his petition (whether he was denied due process based upon trial counsel's failure to timely file an appeal as requested) is a challenge to the legality of his conviction or sentence.  (Dkt. # 12- Pet'r's Obj. at 2).  Petitioner stated that if the court could provide reference to a federal statute or a judicial decision which would

allow this issue to be addressed pursuant to 2255, then he would withdraw all objections and proceed as this court directs. *Id.*

A motion filed pursuant to § 2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. *Compare* 28 U.S.C. § 2242 (§ 2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. § 2255 (motions to vacate a sentence brought under § 2255 are collateral attacks upon the imposition of a prisoner's sentence). Petitioner is challenging his conviction and sentence based on the alleged ineffective assistance of counsel. This is not a claim that falls under § 2241. *See Manigault v. Lamanna*, C/A No. 8:06–47–JFA–BHH, 2006 WL 1328780 at *1, fn. 4 (D.S.C. May 11, 2006)(holding § 2241 challenges go to the execution or implementation of a federal prisoner's sentence and usually involve "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). In this action, Petitioner is clearly attacking the validity of his sentence and this type of claim should usually be brought under § 2255 in the sentencing court. *Id.*

A district court, however, may entertain a § 2241 petition attempting to invalidate a sentence or conviction if a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). Section 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Furthermore, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against

successive petitions, does not render § 2255 review "inadequate" or "ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Petitioner  fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention so as to allow him to bring his claim under § 2241.  The claim he raises - that his counsel was ineffective for failing to file an appeal - is one that should be brought in a § 2255 motion.  And Petitioner's claim does not meets the *Jones* standard so as to qualify for consideration under § 2241. Accordingly, Petitioner's objections are overruled.

It is therefore **ORDERED** that the Petitioner's § 2241 Petition is recharacterized as a § 2255 motion, and this case is transferred to the sentencing court, the Western District of Tennessee.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 27, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.